IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| CHARMAINE HILL, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting | * | No. 3:14CV00312-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Ms. Hill has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits and supplemental security income. The Administrative Law Judge (ALJ) concluded she had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers she could perform despite her impairments. (Tr. 14-22.) The Appeals Council denied her request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 4-7.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an

1

opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

In support of her Complaint, Ms. Hill argues that the ALJ overestimated her residual functional capacity. (Pl.'s Br. 9-10.) Although she undoubtedly suffers from some level of pain and limitation, the evidence of record does not support an allegation of complete disability. "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The ALJ carefully considered the record and made a supported determination that Plaintiff was capable of performing light work. In coming to this conclusion, the ALJ considered the General Physical Examination (Tr. 256-60), the Physical Residual Functional Assessment completed by Lucy Sauer, M.D. (Tr. 269-76), the cardiology work-up by Bennett L. Ruddorfer, M.D. (Tr. 262-65), and the file review performed by Steven Strode, M.D. (Tr. 355). He also considered the diagnostic tests, including a MRI showing no medically determinable impairment with Ms. Hill's back. (Tr. 392.) There is some objective evidence to support Ms. Hill's allegations, but her evidence is mainly in the form of subjective complaints. And while Plaintiff disagrees with the ALJ's assessment of her subjective complaints, the ALJ's credibility assessment was sound given the inconsistencies in Plaintiff's statements, the lack of medical evidence in support of Plaintiff's allegations, the conservative course of treatment followed, and Plaintiff's functional capabilities. See *Thomas v.*

2

*Sullivan*, 928 F.2d 255, 259-60 ( 8th Cir. 1991); *Cabrnoch v. Bowen*, 881 F.2d 561, 564 (8th Cir. 1989). The inconsistencies between the medical evidence and Plaintiff's subjective complaints gave reason to discount those complaints. *Matthews v. Bowen*, 879 F.2d 422, 425 (8th Cir. 1989).

Ms. Hill also argues that the ALJ incorrectly relied on the Medical-Vocational Guidelines because he was required to employ the services of a vocational expert given her nonexertional impairments. This argument is somewhat persuasive, especially given the ALJ's conclusion that Ms. Hill's obesity is a "severe" impairment. Yet, given a close inspection of the record, I find that the Commissioner's argument on this point - that Ms. Hill's obesity does not impact the ALJ's residual functional functional capacity - wins the day.

Plaintiff has advanced other arguments I find are without merit. It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts her findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final determination of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 24th day of June, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE